UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| TIMOTHY WATKINS | * | Civil Action No. 2:21-CV-00856 |
| | * | |
| VERSUS | * | |
| | * | |
| OFFICER ANTHONY FOX, OFFICER JOHN | * | Judge: Jay Zainey |
| DOE 1, OFFICER JOHN DOE 2, OFFICER | * | |
| JOHN DOE 3, OFFICER JOHN DOE 4, | * | |
| OFFICER JOHN DOE 5, AND HAMMOND, | * | |
| LOUISIANA | * | Magistrate: Michael North |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## ANSWER AND AFFIRMATIVE DEFENSES

NOW INTO COURT, through undersigned counsel, comes Defendant, City of Hammond (named "Hammond, Louisiana" in the Complaint) hereinafter referred to as "*City*" or "*Defendant*") who files the following answer and affirmative defenses in response to the Complaint filed in the captioned matter.

### AFFIRMATIVE DEFENSES:

### FIRST DEFENSE

Plaintiff fails to state a claim against the Defendant upon which relief can be granted.

### SECOND DEFENSE

The Court is without jurisdiction in this matter inasmuch as there is no diversity of citizenship between the parties hereto as to stated claims.

### THIRD DEFENSE

The Court is without jurisdiction in this matter inasmuch as the amount of controversy exclusive of interest and costs does not exceed the sum and value of $75,000.00.

**FOURTH DEFENSE**

The Court is without jurisdiction as to all claims asserted by Plaintiff in this matter inasmuch as the Plaintiff has not and cannot demonstrate any deprivation under the United States or Louisiana constitutions based on the allegations set forth in the Complaint.

**FIFTH DEFENSE**

The Court is without jurisdiction in this matter inasmuch as there is no diversity of citizenship between the parties hereto as to State claims.

**SIXTH DEFENSE**

Plaintiff is estopped by his conduct from asserting claims against the Defendant.

**SEVENTH DEFENSE**

At all times, the actions of the Defendant was professional, lawful, objectively reasonable and appropriate under the circumstances of the incident sued upon, therefore, the Defendant asserts the defense of qualified immunity.

**EIGHTH DEFENSE**

The Defendant is entitled to and hereby pleads the statutory limitation of liability, costs and interest contained in La. R.S. 13:5106 and 13:5112, as well as any other statutory or jurisprudential limitation of liability, costs and interest available to the Defendant under the law.

**NINTH DEFENSE**

The Defendant denies that any state or federal violations occurred in the instant case, further contending that at all times the Defendant was acting in full compliance with state police power and in the interest of public safety.

## TENTH DEFENSE

The sole and only cause and proximate cause of any damage to Plaintiff was his own conduct in failing and refusing without cause to carry out the lawful instructions given.

## ELEVENTH DEFENSE

That the Plaintiff, Timothy Watkins, by virtue of his own actions and conduct, was guilty of negligence and/or contributory negligence and/or assumption of the risk, all of which will be more fully shown at the trial of this matter.

## TWELFTH DEFENSE

That the sole and proximate cause of any injuries and/or damages sustained by the Plaintiff during the incident complained of herein were the actions and/or inactions of the Plaintiff himself, which actions and/or inactions are affirmatively pled in bar of/reduction of any recovery herein.

## THIRTEENTH DEFENSE

Plaintiff did not suffer damages as the result of the alleged unlawful conduct on the part of the Defendant. Alternatively, plaintiff failed to mitigate any such damages.

## FOURTEENTH DEFENSE

Alternatively, in the event the actions of the Defendant is found to have been the proximate cause of an injury to Plaintiff, which is at all times denied, such actions were accidental and/or inadvertent, without malice or intent to deprive the Plaintiff of his civil rights or any rights afforded under federal or state law.

## FIFTEENTH DEFENSE

City affirmatively avers that Plaintiff is not entitled to any compensatory damages, punitive damages and/or attorney's fees.

## SIXTEENTH DEFENSE

The claims of the Plaintiff are unfounded, frivolous, groundless and/or unreasonable. The Defendants are entitled to an award of all fees and costs incurred by the Defendant in this matter pursuant to 42 USC § 1988 and La. Code of Civil Procedure art. 863.

## SEVENTEENTH DEFENSE

Defendant pleads comparative negligence and/or other acts constituting fault or consent on the part of the Plaintiff which may bar recovery herein, or alternatively, act as a diminution to any damages.

## EIGHTEENTH DEFENSE

At all times pertinent to these proceedings, the Defendant was a public entity performing policy-making or discretionary acts, which said acts were in the course and scope of its lawful powers and duties and, as such, they are immune from tort liability under Louisiana law, including but not limited to LSA R.S. 9:2798.1.

## NINETEENTH DEFENSE

That any actions taken by the Defendant was taken in good faith, with probable cause, without malice and under laws believed to be constitutional, thereby entitling the Defendant to the defense of qualified immunity.

## TWENTIETH DEFENSE

At no time was Plaintiff subjected to improper conduct or behavior on the part of the Defendant.

## TWENTY FIRST DEFENSE

All of the acts and actions taken by the Defendant herein were reasonable under the circumstances and do not support a claim under a theory of vicarious liability or *respondeat*

*superior*. Further responding, a municipality may be held liable under Section 1983 only for its own illegal acts, not pursuant to a theory of vicarious liability.

## TWENTY SECOND DEFENSE

All of the acts and actions taken by the Defendant herein were reasonable under the circumstances and were taken pursuant to valid and constitutional policies and in no way provide any basis for any claim under *Monel v. Department of Social Services, 436 U.S. 658 (1978)*.

## TWENTY THIRD DEFENSE

To the extent that Plaintiff's Complaint refers to or cites external documents, statutes, or other sources, Defendant's responses may refer to such materials for a full and accurate statement of its contents; however, Defendant's responses are not intended to be, and should not be construed as an admission that the cited materials are correctly cited or quoted by Plaintiff or relevant or admissible to this, or any other, claim.

## TWENTY FOURTH DEFENSE

The Defendant reserves the right to assert any and all additional applicable immunities available under law and the right to assert further affirmative defenses as they become evident through discovery or further investigation.

**AND NOW,** answering the allegations of the Complaint, the Defendant categorically denies each and every allegation contained therein, except to the extent expressly admitted, and expressly denies the conclusions of law expressed in the Complaint and denies any liability to plaintiffs.

**AND NOW,** further answering the specific allegations enumerated in Plaintiff's Complaint, Defendant avers as follows:

1.

The City admits that Plaintiff, Timothy Watkins, was arrested on April 30, 2020. The remaining allegations in Paragraph1 are denied.

2.

The allegations in Paragraph 2 are denied.

3.

The allegations in Paragraph 3 are denied.

4.

The allegations in Paragraph 4 are denied.

5.

The allegations in Paragraph 5 are denied.

6.

The allegations in Paragraph 6 are denied.

7.

The allegations in Paragraph 7 do not appear to require a response from Defendant. To the extent a response is required, the statement is denied for lack of sufficient information to justify a belief therein.

8.

The allegations in Paragraph 8 are admitted in so far as Anthony Fox was employed by the City of Hammond as a police officer at the time of Plaintiff's arrest. All remaining allegations are denied. Moreover, a municipality may be held liable under Section 1983 only for its own illegal acts, not pursuant to a theory of vicarious liability.

9.

The allegations in Paragraph 9 are denied. Moreover, a municipality may be held liable under Section 1983 only for its own illegal acts, not pursuant to a theory of vicarious liability.

10.

It is admitted that the City of Hammond is a political subdivision operating under a home rule charter. It is further admitted that the City of Hammond employed defendant Anthony Fox. All remaining allegations in paragraph 10 are denied. Further responding, as a political subdivision of the state of Louisiana all limitation on liability outlined in Title 13 of the Louisiana Revised statutes specifically La. R.S. 13:5106 and 13:5112, as *et seq.* apply.

11.

The allegations in Paragraph 11 are denied.

12.

Subject to the affirmative defenses raised herein, Defendant admits that jurisdiction is proper. All other allegations of Paragraph 12 are denied. Defendant further denies that Plaintiff is entitled to any recovery, including attorney's fees.

13.

Subject to the affirmative defenses raised herein, Defendant admits that venue is proper. All remaining allegations of Paragraph 13 are denied.

14.

The allegations in Paragraph 14 are denied for lack of information to justify a belief therein.

15.

The allegations in Paragraph 15 are denied for lack of information to justify a belief therein.

16.

The allegations in Paragraph 16 are denied for lack of information to justify a belief therein.

17.

The allegations in Paragraph 17 are admitted in so far as Officer Fox was dispatched to Rende's in response to an accidental damage to a vehicle complaint on April 30, 2020. The remaining allegations are denied.

18.

The allegations of Paragraph 18 are denied.

19.

The allegations of Paragraph 19 are denied. Subject to the forgoing it is admitted that Watkins was arrested for theft in violation of La. R.S. 14:67 on April 30, 2020.

20.

The allegations of Paragraph 20 are admitted in so far as according to Hammond Police Department Incident Report #2020009855, Officer Fox did show Mr. Watkins a photo of Watkins in Albertsons at the time of his arrest. The remaining allegations in Paragraph 20 are denied.

21.

The allegations of Paragraph 21 are denied.

22.

The allegations of Paragraph 22 are denied.

23.

The allegations of Paragraph 23 are denied.

24.

The allegations of Paragraph 24 are denied.

25.

The allegations of Paragraph 25 are denied for lack of information to justify a belief therein.

26.

The allegations of Paragraph 26 are denied.

27.

The allegations of Paragraph 27 are denied.

28.

The allegations of Paragraph 28 are denied.

29.

The allegations of Paragraph 29 are denied.

30.

The allegations of Paragraph 30 are denied.

31.

The allegations of Paragraph 31 are denied.

32.

The allegations of Paragraph 32 are denied.

33.

The allegations of Paragraph 33 are denied.

34.

It is admitted that Watkins was arrested for theft in violation of La. R.S. 14:67 on April 30, 2020. The remaining allegations of Paragraph 34 are denied.

35.

The allegations of Paragraph 35 are denied for lack of information to justify a belief therein.

36.

The allegations of Paragraph 36 are denied for lack of information to justify a belief therein.

37.

The allegations of Paragraph 37 are denied for lack of information to justify a belief therein.

38.

The allegations of Paragraph 38 are denied because the City has no record of the complaint as alleged.

39.

The allegations of Paragraph 39 are denied.

40.

The allegations of Paragraph 40 are admitted as to the City's status as the employer of Officer Fox. It is denied that the Hammond Police Department employed Defendant Fox. The Hammond Police Department is a department of the City, not a juridical person, and has no

independent legal existence. *Norwood v. City of Hammond,* 1999 U.S. Dist. LEXIS 15539 (E.D. La. 1999). All remaining allegations in Paragraph 40 are denied.

41.

The allegations of Paragraph 41 are denied.

42.

The allegations of Paragraph 42 are denied.

43.

The allegations of Paragraph 43 are denied.

44.

The allegations of Paragraph 44 are denied.

45.

The allegations of Paragraph 45 are denied.

46.

The allegations of Paragraph 46 are denied.

47.

The allegations of Paragraph 47 are denied.

48.

The allegations of Paragraph 48 are denied.

49.

The allegations of Paragraph 49 are denied.

50.

The allegations of Paragraph 50 are denied.

51.

The allegations of Paragraph 51 are denied.

52.

The allegations of Paragraph 52 contain a legal conclusion to which no response is required. Subject to the forgoing, the City specifically denies that any violation of 42 U.S.C. § 1983 occurred and the City denies liability to Plaintiff under any other theory of law.

53.

The allegations of Paragraph 53 are denied.

54.

The allegations of Paragraph 54 are denied.

55.

The allegations of Paragraph 55 are denied.

56.

The allegations of Paragraph 56 are denied.

57.

The allegations of Paragraph 57 are denied.

58.

The allegations of Paragraph 58 are denied.

59.

The allegations of Paragraph 59 are denied for lack of information to justify a belief therein.

60.

The allegations of Paragraph 60 are denied for lack of information to justify a belief therein.

61.

The allegations of Paragraph 61 are denied

62.

The allegations of Paragraph 62 are denied.

63.

The allegations of Paragraph 63 are denied.

64.

The allegations of Paragraph 64 are denied. Further responding, the City specifically denies that any violation of 42 U.S.C. § 1983 occurred and the City denies liability to Plaintiff under any other theory of law.

65.

The allegations of Paragraph 65 are denied.

66.

The allegations of Paragraph 66 are admitted in so far as the Hammond Police Department is simply a department within the City of Hammond. As such, the Hammond police Department is not a juridical entity and has no independent legal existence. *Norwood v. City of Hammond,* 1999 U.S. Dist. LEXIS 15539 (E.D. La. 1999). All remaining allegations in Paragraph 66 are denied.

67.

The allegations of Paragraph 67 are denied in so far as they attempt to attribute liability to

the City. The City maintains that any liability for inadequate supervision, failure to train, and policy, practice or custom claims fail without an underlying constitutional violation.

68.

The allegations of Paragraph 68 are denied.

69.

The allegations of Paragraph 69 are denied.

70.

The allegations of Paragraph 70 are denied.

71.

The allegations of Paragraph 71 are denied. Further responding, no specific policy is alleged.

72.

The allegations of Paragraph 72 are denied.

73.

The allegations of Paragraph 73 are denied.

74.

The allegations of Paragraph 74 are denied.

75.

The allegations of Paragraph 75 are denied.

76.

The allegations of Paragraph 76 are denied.

77.

The allegations of Paragraph 77 are denied. Further responding, the City specifically denies that any violation of 42 U.S.C. § 1983 occurred and the City denies liability to Plaintiff

under any other theory of law.

78.

The allegations of Paragraph 78 are denied.

79.

The allegations of Paragraph 79 are admitted in so far as the Hammond Police Department is simply a department within the City of Hammond. As such, the Hammond Police Department is not a juridical entity and has no independent legal existence. *Norwood v. City of Hammond,* 1999 U.S. Dist. LEXIS 15539 (E.D. La. 1999). All remaining allegations in Paragraph 79 are denied.

80.

The allegations of Paragraph 80 are denied.

81.

The allegations of Paragraph 81 are denied.

82.

The allegations of Paragraph 82 are denied.

83.

It is admitted that Officer Fox was not disciplined in this incident, because discipline was not warranted. It is denied that excessive force occurred.

84.

The allegations of Paragraph 84 are denied.

85.

The allegations of Paragraph 85 are denied. Further responding, no specific policy is alleged.

86.

The allegations of Paragraph 86 are denied. Further responding, no specific policy is alleged.

87.

The allegations of Paragraph 87 are denied.

88.

The allegations of Paragraph 88 are denied.

89.

The allegations of Paragraph 89 are denied. Further responding, the City specifically denies that any violation of 42 U.S.C. § 1983 occurred and the City denies liability to Plaintiff under any other theory of law.

90.

The allegations of Paragraph 90 are denied.

91.

The allegations of Paragraph 91 are denied.

92.

The allegations of Paragraph 92 are denied.

93.

The allegations of Paragraph 93 are denied.

94.

The allegations of Paragraph 94 are denied.

95.

The allegations of Paragraph 95 are denied.

96.

The allegations of Paragraph 96 are denied.

97.

The allegations of Paragraph 97 are denied.

98.

The allegations of Paragraph 98 are denied.

99.

The allegations of Paragraph 99 are denied.

100.

The allegations of Paragraph 100 are denied. Moreover, a municipality may be held liable under Section 1983 only for its own illegal acts, not pursuant to a theory of vicarious liability.

101.

The allegations contained in Paragraph 101 of the Complaint merely set forth Plaintiff's demand for a jury trial which requires no response on behalf of Defendant.

**WHEREFORE,** the premises considered, the City Prays that this Answer be deemed good and sufficient and that after due proceedings there be judgment herein in favor of the City, dismissing plaintiff's claims with full prejudice and at plaintiff's costs, and that the City recover any and all costs and attorney's fees for having to defend this action; and

For all general and equitable relief.

                                                 Respectfully submitted,

                                                 CASHE COUDRAIN & BASS

                                                 */s/ Andre G. Coudrain*
                                                 _____
                                                 Andre G. Coudrain, Bar Roll #1789
                                                 agc@ccbattorneys.com
                                                 Jamie Polozola Gomez, Bar Roll #33318
                                                 jpg@ccbattorneys.com
                                                 Patrick G. Coudrain, Bar Roll #36422
                                                 pgc@ccbattorneys.com
                                                 Post Office Box 1509
                                                 Hammond, LA 70404
                                                 985-542-6848 Telephone
                                                 985-542-9602 Facsimile
                                                 *Attorneys for the City of Hammond.*