UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| TIMOTHY WATKINS,<br>*Plaintiff,*<br><br>v.<br><br>OFFICER ANTHONY FOX, OFFICER JOHN DOE 1, OFFICER JOHN DOE 2, OFFICER JOHN DOE 3, OFFICER JOHN DOE 4, OFFICER JOHN DOE 5, and HAMMOND, LOUISIANA<br>*Defendants.* | Civil Action No.:  2:21-CV-00856<br><br>Judge:  Hon. Jay C. Zainey<br><br>Magistrate Judge:  Hon. Michael B. North |

PLAINTIFF'S MEMORANDUM OF LAW
IN SUPPORT OF MOTION FOR LEAVE TO AMEND

MAY IT PLEASE THE COURT:

NOW INTO COURT, through undersigned counsel, comes Plaintiff, Timothy Watkins, who moves the Court for leave to amend his complaint in this action pursuant to Federal Rule of Civil Procedure 15(a), Local Rule 7.6, and the Court's Scheduling Order entered October 12, 2021.  Counsel for Defendants City of Hammond, Louisiana and Officer Fox do not oppose the proposed amendment of the complaint.

I. INTRODUCTION

Plaintiff Timothy Watkins filed his complaint on April 29, 2021 (Dkt. 1), seeking relief for alleged violations of his civil rights under the United States Constitution and 42 U.S.C. § 1983, as well as under Louisiana State Law.  The complaint names as defendants the City of Hammond, Louisiana; Officer Anthony Fox of the Hammond Police Department; and unidentified Doe defendant police officers alleged to have been present during the events

described in the complaint.  Officer Fox answered the complaint on June 30, 2021 (Dkt. 12), and the City of Hammond answered on August 10, 2021 (Dkt. 15).

Following a telephonic Scheduling Conference on October 8, 2021 before the Case Manager, the Court entered a Scheduling Order on October 12 (Dkt. 24).  As relevant to this motion, the Scheduling Order provides:

> Amendments to pleadings, third-party actions, cross- claims, and counter-claims shall be filed no later than **NOVEMBER 22, 2021**, in accordance with the Federal Rules of Civil Procedure and Local Rule 7.6.

Scheduling Order at 1.  After the entry of the Scheduling Order, the parties served initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1) on October 19 (Officer Fox) and October 22 (the City of Hammond and Mr. Watkins).

As relevant here, Defendants' initial disclosures identify several of the Doe Defendants who were present during the events described in the complaint, namely Officers Juan R. Duran, Devin Milazzo, and Charles A. Monistere.  Mr. Watkins accordingly seeks leave to amend his complaint to:  (1) add the names of Officers Duran, Milazzo, and Monistere in place of Doe Defendant numbers 1 through 3; (2) correct an inadvertent, two-word error in the original complaint; and (3) add a prayer for relief at the end of the complaint, to clarify for the parties and the Court the relief being sought in this action.  A copy of the proposed amended complaint identifying the revisions is attached as Exhibit A to the Motion for Leave to Amend.

**II.    LEGAL STANDARD**

Federal Rule of Civil Procedure 15(a) provides that a party may amend its complaint once as a matter of course within 21 days after serving it or 21 days after service of a responsive pleading.  After that period, where permission of the Court is needed, Rule 15(a) provides that leave should be "freely give[n] . . . when justice so requires."  Fed. R. Civ. P. 15(a).  Accordingly, leave to amend will be granted absent "substantial reasons" for denial, such as

"undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, and undue prejudice to the opposing party." *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 598 (5th Cir. 1981); *accord Thomas v. Chervron U.S.A., Inc.*, 832 F.3d 586, 590–91 (5th Cir. 2016) (reciting the same factors and adding "futility of amendment" as an additional factor).[1]

### III. ARGUMENT

Plaintiff has sought leave to amend promptly following receipt of Defendants' initial disclosures and within the deadline provided by the Court's Scheduling Order. There has been no undue delay or bad faith on the part of Plaintiff, nor has Plaintiff made any previous request for leave to amend. Rather, Plaintiff seeks to amend the complaint within the time limit prescribed by the Court to add the names of officer defendants that were unknown to him until he received Defendant Hammond and Fox's initial disclosures, to correct an inadvertent error in the original pleading—which indicated he had filed a formal complaint with the Hammond Police Department "via email" rather than in person—and to add a prayer for relief to clarify for the parties and the Court the relief being sought.

Moreover, Defendants the City of Hammond and Officer Fox do not oppose amendment of the complaint. No party has contended that it will be prejudiced by the amendments or that the amendments would be futile. As discussed above, the amendments are limited to changes needed to specifically identify defendant officers whose conduct was already described in the original complaint (whose identities were already known to Defendants Hammond and Fox), to

---

[1] Where a motion for leave to amend would alter deadlines set by a scheduling order, Rule 16 requires a showing of good cause. Fed. R. Civ. P. 16(b)(4). Because Plaintiff's proposed amendment here is timely under the scheduling order, no such showing is needed.

3

correct a minor error that was previously discussed with counsel for Defendants Hammond and Fox, and to clarify the relief sought by adding a prayer for relief.

There also is no prejudice to any Defendant newly identified by name in the proposed amended complaint. Plaintiff has acted promptly to name the previously unknown Defendants, and the original Complaint alleges in detail each Defendant's conduct. *See Dixon v. Barr*, No. 1:19-CV-01471, 2021 WL 415811, at *3 (W.D. La. Feb. 5, 2021) (no prejudice from amendment naming previously unknown defendants where plaintiff did not have a "dilatory motive" and the original complaint "specified the acts and omissions of each [unnamed defendant]"). And amendment would not be futile on statute-of-limitations grounds because the complaint alleges the officers are joint tortfeasors with Officer Fox, who was timely named. *See Evans v. Edwards*, No. Civ. A 14-41, 2015 WL 3454737, at *4 (E.D. La. May 29, 2015) ("Because [plaintiff] timely filed his lawsuit against the named joint tortfeasors, prescription was interrupted as to the unnamed joint tortfeasors."). In any event, to the extent any of the additional officers wishes to raise defenses to the amended complaint, of course he will have the opportunity to do so after being added to the action.

### IV. CONCLUSION

For the foregoing reasons, Plaintiff respectfully submits that the motion for leave to amend should be granted and that the proposed order attached as Exhibit B to the Motion should be entered.

Dated:  November 22, 2021

                          Respectfully submitted,

                          By: */s/* Jayme Jonat_____

Jayme Jonat (pro hac vice)
Robert Morrow (pro hac vice motion forthcoming)
Matthew Gurgel (pro hac vice)
jjonat@hsgllp.com
rmorrow@hsgllp.com
mgurgel@hsgllp.com
Holwell Shuster & Goldberg LLP
425 Lexington Avenue
New York, NY 10017

and

Stephanie Willis (LA Bar Number 31834)
Nora Ahmed (pro hac vice)
swillis@laaclu.org
nahmed@laaclu.org
ACLU Foundation of Louisiana
P.O. Box 56157
New Orleans, LA 70156

*Attorneys for Plaintiff Timothy Watkins*